IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMAAL HUSBAND,                    )
                                   )
        Petitioner,                )
                                   )
    vs.                            )        CAUSE NO. 3:17-cv-459-RLM-MGG
                                   )
SUPERINTENDENT,                    )
                                   )
        Respondent.                )

<u>OPINION AND ORDER</u>

Jamaal Husband, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his guilty plea and 50-year sentence for voluntary manslaughter by the St. Joseph Superior Court on October 7, 2003 in 71D03-207-MR-13. ECF 1 at 1. Before a petitioner can challenge a State proceeding in a federal habeas corpus petition, he must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." <u>Lewis v. Sternes</u>, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Thus, this court may only review Mr. Husband's conviction if he has exhausted his State court remedies.

Mr. Husband concedes that he hasn't filed a direct appeal or post-conviction relief petition in state court. He therefore has not exhausted his State court remedies. Moreover, he couldn't cure this omission by returning to State court because his limitations period to file in federal court has now expired. <u>See</u> 28

U.S.C. § 2244(d). Thus, Mr. Husband's challenge to his conviction is procedurally defaulted and must be denied.

Mr. Husband's primary argument appears to be that the trial court erred in refusing to modify his sentence. Like his challenge to his conviction, he has not pursued this claim in state court. If Mr. Husband wishes to pursue a federal habeas corpus petition regarding the length of his sentence, he must first demonstrate that he has properly exhausted his State court remedies.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. <u>Id.</u> at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. <u>Id.</u> As previously explained, this petition is procedurally defaulted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, a certificate of appealability must be denied. For the same reasons, he may not appeal *in forma pauperis* because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES this case pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the clerk to enter judgment accordingly.

SO ORDERED on September 18, 2017.

  /s/ Robert L. Miller, Jr.
Judge
United States District Court